IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PHENIX LIMITED, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09-cv-0670-MJR-CJP |
| | ) | |
| BUNGE NORTH AMERICA, INC., | ) | |
| THE McBURNEY CORPORATION, | ) | |
| UNKNOWN NECESSARY PARTIES, | ) | |
| and UNKNOWN OWNERS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF REMAND

REAGAN, District Judge:

On August 27, 2009, Bunge North America, Inc. (one of several named Defendants in a breach of contract lawsuit filed in the Circuit Court of Alexander County, Illinois) removed the case to this federal District Court. The case comes before the undersigned Judge on threshold review, the purpose of which is to ascertain that subject matter jurisdiction lies. This is the Court's first duty in every newly-filed or freshly-removed case. **Winters v. Fru-Con, Inc., 498 F.3d 734, 740 (7th Cir. 2007), quoting McCready v. White, 417 F.3d 700, 702 (7th Cir. 2005). See also Wisconsin Knife Works v. National Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986)("The first thing a federal judge should do ... is check to see that federal jurisdiction is properly alleged.").**

Bunge invokes jurisdiction under the federal diversity statute, 28

U.S.C. § 1332. Section 1332 confers original jurisdiction over suits in which the amount in controversy exceeds $75,000 (exclusive of interest and costs), and the action is between citizens of different states. The party invoking federal jurisdiction bears the burden of demonstrating its existence. ***Hart v. FedEx Ground Pkg. Sys., Inc.*, 457 F.3d 675, 679 (7th Cir. 2006)**; ***Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).** Bunge has fallen short of sustaining that burden here.

The amount-in-controversy hurdle has been cleared, and the removal notice provides sufficient information as to *two* named Defendants, both corporations. Bunge is a citizen of New York and Missouri. Defendant McBurney is a citizen of Georgia (incorporated in and maintaining its principal place of business in that state). But the removal notice unhelpfully states that Plaintiff Phenix, a limited liability company, is "organized and existing under the laws of the State of California and maintaining its principal place of business in Oxford, California" (Doc. 2, p. 1). This information is irrelevant as to a limited liability company (LLC).

For the purposes of assessing diversity jurisdiction, the citizenship of an LLC is the citizenship of *each of its members*. ***Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007),** *citi****ng Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006).** In the case at bar, the removing party has not disclosed or apparently even recognized the

need to identify the citizenship of each of the LLC members.

The United States Court of Appeals for the Seventh Circuit has expressed displeasure at incomplete and incorrect jurisdictional allegations. In **Wise**, **450 F.3d at 267**, the Court remarked that the "parties' insouciance about jurisdiction, besides being unprofessional, is … disturbing." Similarly, in **Belleville Catering Co. v. Champaign Marketplace, L.L.C.**, **350 F.3d 691, 692 (7th Cir. 2003)**, the Seventh Circuit emphasized:

> Once again, litigants' insouciance toward the requirements of federal jurisdiction has caused a waste of time and money….
>
> Both sides … must share the blame for assuming that a limited liability company is treated like a corporation…. It is not possible to litigate under the diversity jurisdiction with details kept confidential from the judiciary…. Lawyers for defendants, as well as plaintiffs, must investigate rather than assume jurisdiction; to do this, they first must learn the legal rules that determine whose citizenship matters (as defendant's lawyers failed to do).

The removal notice has other potential shortcomings not factored into this Court's threshold review but apparent on close reading. For instance, Bunge purports to consent *for* coDefendant McBurney based on a conversation or communication between counsel for the two Defendants: "McBurney consents to and does not object to this removal" (Doc. 2, p. 2). But a party must consent to or join another party's removal via written pleading. **See, e.g., Gossmeyer v. McDonald**, **128 F.3d 481, 489 (7th Cir. 1997)**; *Doe v.*

*GTE Corp.*, **347 F.3d 655, 657 (7th Cir. 2003).**[1] That flaw is not the basis of this Court's remand, though.

The problem here is that the party seeking the federal forum has not shown that the requirements of § 1332 are satisfied, *i.e.*, complete diversity between the parties. Federal courts are courts of limited jurisdiction: "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." **Hart, 457 F.3d at 679,** *quoting Kokkonen v. Guardian Life Ins. Co. of America*, **511 U.S. 375, 377 (1994).** Bunge has not met its burden.

Because it lacks subject matter jurisdiction, the Court hereby **REMANDS** this case to the Circuit Court of Alexander County, Illinois.

IT IS SO ORDERED.

DATED this 28th day of August 2009.

> s/ Michael J. Reagan
> Michael J. Reagan
> United States District Judge

---

[1] Additionally, questions exist regarding the identity and citizenship of the unknown party/owner Defendants, and "the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship." *See Howell v. Tribune Entertainment Co.*, **106 F.3d 215, 218 (7th Cir. 1997).**